UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X
                                     :

DONELL DINKINS,                            :

                           Plaintiff,     :

            -v-                         :

COMMISSIONER JOSEPH PONTE et al.,     :

                        Defendants.    :

                                       :

-----------------------------------------------------------------------X

15 Civ. 6304 (PAE) (JCF)

OPINION & ORDER

PAUL A. ENGELMAYER, District Judge:

    *Pro se* plaintiff Donell Dinkins brings this action under 42 U.S.C. § 1983 alleging that his constitutional rights were violated when jail officials ignored his requests for medical treatment and for a special bed accommodation. Defendants moved to dismiss for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b). Before the Court is the February 24, 2016 Report and Recommendation of the Hon. James C. Francis, United States Magistrate Judge, recommending that the Court grant the motion to dismiss without prejudice. Dkt. 14 ("Report"). For the following reasons, the Court adopts the Report in full.

**I.     Background**

    On August 10, 2015, Dinkins filed the Complaint. Dkt. 2 ("Compl."). On September 22, 2015, the Court issued an order directing the New York City Law Department to ascertain the identities and addresses of the individual defendants named in the Complaint. Dkt. 6. On October 15, 2015, the case was referred to Judge Francis for pretrial supervision and for a report and recommendation. Dkt. 8. On October 22, 2015, defendants filed a letter advising Judge Francis that they could not identify certain medical personnel who treated Dinkins unless Dinkins executed a HIPAA release, but they were unable to contact Dinkins because he had been

released from custody in August 2015 without a forwarding address.  Dkt. 9.  On October 23,

2015, Judge Francis directed Dinkins to immediately provide his current address, and advised

defendants to submit a motion to dismiss for failure to prosecute if Dinkins failed to do so by

December 31, 2015.  Dkt. 10.  On January 4, 2016, defendants filed such a motion.  Dkt. 11.

Judge Francis directed Dinkins to answer the motion by January 29, 2016.  Dkt. 12.  To date,

Dinkins has not provided a current address or answered the motion to dismiss.

On February 24, 2016, Judge Francis issued the Report, recommending that the Court

grant the motion to dismiss without prejudice.  Report at 6.  The deadline for the parties to file

objections to the Report was March 9, 2016.  To date, no objections have been filed.

## II.    Discussion

In reviewing a Report and Recommendation, a district court "may accept, reject, or

modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28

U.S.C. § 636(b)(1)(C).  "To accept those portions of the report to which no timely objection has

been made, a district court need only satisfy itself that there is no clear error on the face of the

record."  *Ruiz v. Citibank, N.A.*, No. 10 Civ. 5950 (KPF), 2014 WL 4635575, at *2 (S.D.N.Y.

Aug. 19, 2014) (quoting *King v. Greiner*, No. 02 Civ. 5810 (DLC), 2009 WL 2001439, at *4

(S.D.N.Y. July 8, 2009)); *see also, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169

(S.D.N.Y. 2003).

As neither party has submitted objections to the Report, review for clear error is

appropriate.  Because the Report explicitly states that "[f]ailure to file timely objections will

preclude appellate review," Report at 7, both parties' failure to object operates as a waiver of

appellate review.  *See Caidor v. Onondaga Cty.*, 517 F.3d 601, 604 (2d Cir. 2008) (citing *Small

v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam)).

2

Careful review of Judge Francis's thorough and well-reasoned Report reveals no facial error in its conclusions; the Report is therefore adopted in its entirety.

## CONCLUSION

For the reasons articulated in the Report, the Court dismisses Dinkins's Complaint without prejudice to his filing of an Amended Complaint.

The Clerk of Court is directed to close this case.

The Court directs the Clerk to mail a copy of this decision to plaintiff at the address on file.

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: July 26, 2016
     New York, New York

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -:
DONELL DINKINS,                       :   15 Civ. 6304 (PAE) (JCF)
                                      :
                 Plaintiff,           :        REPORT AND
                                      :     RECOMMENDATION
      - against -                     :
                                      :
COMMISSIONER JOSEPH PONTE, The City:
of New York (Corrections,             :
COMMISSIONER DR. DORA SCHRIRO, The    :
City of New York (Corrections),       :
EMTC (C-76) WARDEN V. VASQUEZ,        :
EMTC (C-76) MEDICAL DEPARTMENT,       :
AMKC (C-95) WARDEN, AMKC (C-95)       :
MEDICAL DEPARTMENT,                   :
                                      :
                 Defendants.          :
- - - - - - - - - - - - - - - - - - -:
```

TO THE HONORABLE PAUL A. ENGELMAYER, U.S.D.J.:

Donell Dinkins, proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983 against Joseph Ponte, the Commissioner of the New York City Department of Correction (the "DOC"), and Dora Schriro, the former DOC commissioner, as well as the wardens and medical departments of two DOC facilities. Mr. Dinkins alleges violation of his constitutional rights on the basis that the defendants ignored his requests for treatment of a pre-existing back condition and refused to issue him a sufficiently thick mattress or mattresses. The defendants now move to dismiss the Complaint pursuant to Rule 41(b) of the Federal Rules of Civil Procedure based on the plaintiff's failure to prosecute his claim. The plaintiff filed no opposition to the defendants' motion. For the reasons that follow, I recommend that the motion be granted.

Background

Mr. Dinkins filed his complaint on August 10, 2015. To

briefly summarize: the Complaint alleges that, although the plaintiff informed DOC staff that "he suffer[s] from a herniated and bulging (3rd) Lumbar disc . . . which causes tremendous pain and discomfort," he (1) received "no medication or treatment (what-so-ever)," (2) was issued a mattress "that was clearly old and very worn out and approximately one inch in thickness," and (3) was denied a "double mattress permit." (Complaint at 3, 8).

On September 22, 2015, the Honorable Paul A. Engelmayer, U.S.D.J., entered an order pursuant to Valentin v. Dinkins, 121 F.3d 72 (2d Cir. 1997), requiring the New York City Law Department (the "Law Department") to ascertain the identities and addresses of "(1) the Warden of the Anna M. Kross Center ('AMKC') on Rikers Island, (2) the John/Jane Doe medical staff at AMKC who treated Plaintiff . . ., and (3) the John/Jane Doe medical staff at the Eric M. Taylor Center [] who treated Plaintiff." (Order dated Sept. 22, 2015, at 2). Although the Law Department successfully identified the warden of AMKC, it informed the Court that it could not identify the medical staff without a valid medical release executed by the plaintiff. (Letter of Carolyn E. Kruk dated Oct. 22, 2015 ("Kruk Letter"), at 2). Moreover, the release the Law Department mailed to the plaintiff at his Rikers Island address was returned as undeliverable; the plaintiff, it turns out, was released from custody about ten days after he filed his complaint, and the DOC does not have a forwarding address. (Kruk Letter at 2). The defendants requested that the Court order the plaintiff to provide an updated address and warn him that failure to do so would

2

result in his case being dismissed.  (Kruk Letter at 2).

On October 23, 2015, I entered an order staying the defendants' obligation to comply with the Valentin order and requiring the plaintiff to "immediately advise the defendants and the Court of his current address."  (Order dated Oct. 23, 2015 ("10/23/15 Order"), at 1).  I also warned the plaintiff that his failure to comply "shall result in dismissal of this action for failure to prosecute" and granted leave to the defendants to move for dismissal in the event that the plaintiff failed to provide his address by December 31, 2015.  (10/23/15 Order at 1-2).

To date, the plaintiff has advised neither the Court nor the defendants of his current mailing address.  (Letter of Carolyn E. Kruk dated Jan. 4, 2016, at 2).  The defendants moved to dismiss the Complaint pursuant to Rule 41(b) on January 4, 2016.  I subsequently ordered the plaintiff to answer the motion by January 29, 2016.  (Order dated Jan. 5, 2016).  The plaintiff failed to respond.

<u>Discussion</u>

A.  <u>Legal Standard</u>

Rule 41(b) of the Federal Rules of Civil Procedure provides in pertinent part that "[i]f the plaintiff fails to prosecute . . . , a defendant may move to dismiss the action or any claim against it."  Fed. R. Civ. P. 41(b); <u>see also</u> <u>Link v. Wabash Railroad Co.</u>, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot be seriously doubted." (footnote

3

omitted)).   Failing to provide the Court with current contact
information is a sufficient basis for dismissal. <u>Norfleet v. City
of New York</u>, No. 12 Civ. 4637, 2015 WL 765948, at *5 (S.D.N.Y. Feb.
23, 2015); <u>see also</u> <u>Grace v. New York</u>, No. 10 Civ. 3853, 2010 WL
3489574, at *2 (S.D.N.Y. Sept. 7, 2010) (collecting cases), <u>report
and recommendation adopted</u>, 2010 WL 4026060 (S.D.N.Y. Oct. 14,
2010).   Because dismissal of a <u>pro se</u> complaint for failure to
prosecute is a "harsh remedy," the Second Circuit has cautioned
that it should be used only in "extreme situations." <u>West v.
Goord</u>, 423 F. App'x 66, 68 (2d Cir. 2011) (quoting <u>LeSane v. Hall's
Security Analyst, Inc.</u>, 239 F.3d 206, 209 (2d Cir. 2001)).
Nevertheless, while <u>pro se</u> litigants must be afforded a certain
amount of latitude, "they are still required to attempt to comply
with procedural rules, especially when they can be understood
without legal training and experience." <u>Yadav v. Brookhaven
National Laboratory</u>, 487 F. App'x 671, 672 (2d Cir. 2012) (citing
<u>Caidor v. Onondaga County</u>, 517 F.3d 601, 605 (2d Cir. 2008)).   In
assessing whether dismissal is appropriate, courts consider a
variety of factors, including whether the plaintiff's failure has
created a significant delay, whether the plaintiff was warned of
the possibility of dismissal, and the potential efficacy of lesser
sanctions. <u>Ruzsa v. Rubenstein & Sendy Attorneys at Law</u>, 520 F.3d
176, 177 (2d Cir. 2008) (per curiam).   No one factor is dispositive
and courts need not discuss each factor, though the reasoning
underlying their decisions should be apparent. <u>West</u>, 423 F. App'x
at 68 (citing <u>United States ex rel. Drake v. Norden Systems, Inc.</u>,

375 F.3d 248, 254 (2d Cir. 2004) and quoting Martens v. Thomann, 273 F.3d 159, 180 (2d Cir. 2001)).

    B.  Application

    Several factors lead me to recommend dismissing the plaintiff's complaint.  First, despite having been released from custody in August 2015, the plaintiff has failed to provide any current contact information and thereby prevented this case from proceeding since at least September 30, 2015, when the Law Department first attempted to contact him (Kruk Letter at 2).  See Kent v. Scamardella, No. 07 Civ. 844, 2007 WL 3085438, at *2 (S.D.N.Y. Oct. 18, 2007) (finding delay of three months that "functioned as a complete block to moving [the] litigation forward" to weigh "strongly in favor of dismissal"); see also Vazquez v. Davis, No. 12 Civ. 7630, 2014 WL 5089457, at *5 (S.D.N.Y. Sept. 19, 2014) ("[T]he determination [of whether a delay is significant] is case-specific: significant delay can range from weeks to years depending upon the circumstances.").  Here, the plaintiff's failure to provide a mailing address has brought this case to a nearly five-month-long standstill.

    Second, my October 23 Order, the defendants' motion, and this report and recommendation provide clear and ample warning that the plaintiff's failure to provide a mailing address is ground for dismissal.  Holcombe v. Skupien, No. 14 Civ. 1448, 2014 WL 6879077, at *3 (S.D.N.Y. Dec. 5, 2014), report and recommendation adopted, 2015 WL 524992 (S.D.N.Y. Feb. 9, 2015).  And while it is likely

that the plaintiff never received these warnings,[1] that fact brings me to my third point: without a mailing address, no sanction short of dismissal could be effective in moving this case forward. Jankowski v. Eric M. Taylor Center, No. 14 Civ. 7434, 2015 WL 3939186 (S.D.N.Y. June 25, 2015) ("The Court is unaware of how a lesser sanction than dismissal would prompt Plaintiff to comply with the Court's orders given that Plaintiff has not responded to the Court's orders or otherwise communicated an intention to participate in this case since filing his Complaint . . . .").

However, in light of the plaintiff's pro se status, and so as not to deprive him of his day in court, I recommend that his complaint be dismissed without prejudice. Cf. Haynie v. Department of Correction, No. 15 Civ. 4000, 2015 WL 9581783, at *2 (S.D.N.Y. Dec. 30, 2015) (dismissing pro se complaint for failure to provide mailing address "without prejudice so that [the plaintiff] has every opportunity for a day in court").

Conclusion

For the foregoing reasons, I recommend granting the defendants' letter motion and dismissing the plaintiff's complaint without prejudice. Pursuant to 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and 6(d) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from this date to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court, with extra copies

---

[1]   Indeed, copies of both the October 23 and January 5 Orders sent to the plaintiff were returned to my chambers and marked "DISCHARGED."

delivered to the chambers of the Honorable Paul A. Engelmayer, Room 2201, 40 Foley Square, New York, New York 10007, and to the chambers of the undersigned, Room 1960, 500 Pearl Street, New York, New York 10007.  Failure to file timely objections will preclude appellate review.

Respectfully submitted,

JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated: New York, New York
       February 24, 2016

Copies mailed this date to:

Donell Dinkins
895-15-00875
Rikers Island - EMTC
NYSID 04425935N
10-10 Hazen St.
East Elmhurst, NY 11370

Carolyn E. Kruk, Esq.
Assistant Corporation Counsel
100 Church St.
New York, NY 10007